**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**DEMETRIUS GOHRE,**

**Plaintiff,**

**v.** **Case No. 26-C-1711**

**ASHLEY FREITAG,**
**JOHN DOE SECURITY DIRECTOR, and**
**JOHN DOE WARDEN,**

**Defendants.**

---

# SCREENING ORDER

---

Plaintiff Demetrius Gohre, who is currently serving a state prison sentence at Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Gohre's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

## MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Gohre has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Gohre has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $1.18. Gohre's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

According to Gohre, while he was at Columbia Correctional Institution, Muslim inmates were routinely strip-searched after attending congregate worship services while inmates who practiced other religions were not strip-searched. Specifically, Gohre asserts that Native Americans, who used tobacco in their services and were frequently caught smuggling it back to their cells, were never strip-searched; Jewish and Christian inmates, who regularly had outside visitors at their services, were never strip-searched; and Pagan inmates, who were frequently found engaging in sexual acts with one another, were never strip-searched. But from 2022 through 2025, Muslim inmates were strip-searched after their services even though the inmates were pat-searched before the services and even though the services were monitored by at least five staff members.

Gohre asserts that on March 31, 2025, he asked the chaplain why they were being strip-searched and he was told that Corrections Program Supervisor Ashley Freitag had directed that Muslim inmates be strip-searched. When Gohre asked Freitag about the directive, she instructed him to ask the security director. Gohre asserts that he wrote to the security director but never received a response. He also asserts that Freitag, the security director, and the warden work together to plan religious services and were all aware that only Muslim inmates were being routinely strip-searched.

## THE COURT'S ANALYSIS

The Seventh Circuit has explained that "the Fourth Amendment protects (in a severely limited way) an inmate's right to bodily privacy during visual inspections, subject to reasonable intrusions that realities of incarceration often demand." *Henry v. Hulett*, 969 F.3d 769, 779 (7th Cir. 2020) (citations omitted). "[W]hen evaluating a prisoner's Fourth Amendment claim regarding a strip or body cavity search, courts must assess that search for its reasonableness, considering 'the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted.'" *Id.* Gohre states a claim that

Defendants violated the Fourth Amendment when they ordered that all Muslim inmates be strip-searched simply because they attended group worship services. Although further development of the record may reveal a penological justification for the searches, at this early stage, Gohre's allegations are sufficient to state a claim. Gohre also states an Eighth Amendment claim based on these allegations. *See Whitman v. Nesic*, 368 F.3d 931 (7th Cir. 2004) (holding that "[i]n the context of bodily searches performed upon those incarcerated in our prison system, only those searches that are maliciously motivated, unrelated to institutional security, and hence totally without penological justification are considered unconstitutional") (citations omitted).

To state a claim of discrimination under the Equal Protection Clause, a plaintiff must allege that "(1) he is a member of a protected class; (2) he is otherwise similarly situated to members of the unprotected class, and (3) he was intentionally treated differently from members of the unprotected class." *Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005) (citations omitted). Gohre's allegations are sufficient to state a claim that Defendants violated the Fourteenth Amendment when they applied a strip-search requirement to Muslim inmates that was not applied to Jewish, Christian, Native American, or Pagan inmates.

Finally, The Free Exercise Clause of the First Amendment prohibits the government from imposing a "substantial burden" on a "central religious belief or practice." *Kaufman v. Pugh*, 733 F.3d 692, 696 (7th Cir. 2013). When "a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests.'" *O'Lone v. Shabazz*, 482 U.S. 342, 349 (1987) (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)). Gohre may proceed on a claim that Defendants substantially burdened his central religious beliefs and practice when, for allegedly no penological reason, they required that he be strip-searched following congregate worship services even though his beliefs allow him to be naked in front of only his wife.

After Freitag has an opportunity to respond to the complaint, the Court will enter a scheduling order setting a deadline for the completion of discovery. At that time, Gohre may use discovery to learn the names of the security director and warden.

**IT IS THEREFORE ORDERED** that Gohre's motion for leave to proceed *in forma pauperis* (Dkt. No. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Gohre's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Ashley Freitag.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Ashley Freitag shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of Gohre shall collect from his institution trust account the $348.82 balance of the filing fee by collecting monthly payments from Gohre's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Gohre is transferred to another institution, the transferring institution shall forward a copy of this Order along with Gohre's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Gohre is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

Honorable William C. Griesbach
c/o Office of the Clerk
United States District Court
Eastern District of Wisconsin
125 S. Jefferson Street, Suite 102
Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Gohre is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin this 29th day of October, 2026.

William C. Griesbach
United States District Judge